# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**UNITED STATES OF AMERICA**

vs.                                        **CRIMINAL NOS. 5:18-CR-00026-8, -26-6**

**MARK A. CLARKSON, D.O., and**
**BRIAN GULLETT, D.O.**

## ORDER

Pending before the Court is Defendant Clarkson's ***Second Motion for Bill of Particulars*** (ECF No. 625) filed on October 15, 2019 which motion has been joined by Defendant Gullett (ECF No. 642). On October 22, 2019, the Government filed the ***Response of the United States to Defendants' Second Motion for Bill of Particulars*** in opposition (ECF No. 690).[1]

### Background

As noted above, this is the second time Defendant Clarkson filed a motion for a bill of particulars.[2] This Court denied his initial motion on September 3, 2019 (ECF No. 601). These motions pertain to two of twelve defendants indicted collectively in February 2018 on several felony violations of the Controlled Substances Act as employees and/or operators of the HOPE Clinic. Initially, Defendants Clarkson and Gullett were indicted on eight and six counts, respectively. In March 2018, these twelve defendants were indicted for additional felony violations in a superseding indictment. Defendants Clarkson and Gullett were indicted for an additional eight and six counts, respectively. In June 2018, these twelve defendants were indicted on a second

---

[1] Because no party notified the undersigned that the taking of evidence would be required in order to decide the currently pending motions, the undersigned finds that a hearing is unnecessary and decides the motions upon the pleadings alone. See, generally, L.R. Cr. P. 12.1(d).
[2] Previously, Defendant Earley filed a separate motion for a bill of particulars (ECF No. 594), concurring in the arguments raised by Defendant Clarkson; his motion was also denied.

1

superseding indictment; again, Defendants Clarkson and Gullett were indicted for an additional eight and six counts, respectively. In November 2018, eleven of these defendants were indicted in a third superseding indictment; again, Defendants Clarkson and Gullett were indicted for an additional eight and six counts, respectively.

**Defendants' Motion for Bill of Particulars**

With regard to Count One of the Third Superseding Indictment, Defendants move for an order from this Court that compels the Government to disclose with greater specificity:

whether the Government contends they were ever owners/operators of HOPE or PPPFD or whether they were ever executives and/or occupied policy making positions for these entities;

as to ¶ 2, what is alleged to constitute a "large amount of controlled substances" and what is alleged to constitute "a significant number";

as to ¶ 22, the names of the patients treated by these Defendants who the Government believed to have been engaged in "doctor shopping";

as to ¶ 25, does the Government contend that during the period of the alleged conspiracy that the laws of the United States, West Virginia or Virginia require pain clinics to bill insurance companies for patient accounts payable, not accept cash in settlement of patient accounts, not accept new patients without a referral from a physician independent of HOPE, not accept new patients who cannot present a certain statutorily specified type or quantity of medical history documentation, to prescribe and provide certain types of treatment under any specified circumstance to the specified exclusion of opioid therapy, and to hire only practitioners with statutorily or rule-specified credentials or background in pain management;

as to ¶ 31, the names of the patients with whom Defendants allegedly directed to a particular pharmacy to have their prescriptions filled; and

as to ¶ 32, the Government's definition of "commercially available drugs" and the statutory or regulatory basis for the Government's allegations that the prescribing of a compounded medication by a practitioner is *in se* a criminal act.

As to Counts 1, 19, and 30[3] of the Third Superseding Indictment, Defendant Clarkson further requests the Government to state with specificity the statute, rule, or case law wherein the following are defined: "legitimate medical purpose"; "the usual course of professional medical practice"; and "not within the bounds of medical practice". Further, Defendant Clarkson requests the Government to state with specificity the statute, rule, or case law where the meaning of "not for legitimate medical purposes in the course of professional medical practice and not within the bounds of medical practice" is established.

As to Count 37 of the Third Superseding Indictment which concerns conspiracy, Defendant Clarkson requests the Government to state with specificity the amount of money HOPE paid him as salary, the amount of money HOPE paid him as a bonus or bonuses, the quantity of money allegedly laundered by this Defendant, whether such money was paid to him for any reason other than salary or bonus, and to provide the citation of any federal or state/commonwealth law not specifically stated that the Government alleges subjects this Defendant to prosecution under 18 U.S.C. § 1956.

## The United States' Response

The Government asks the Court to deny the motions for being meritless and argues that the requests for specific facts and evidence, as well as for the citations to statutes, rules and case law, are unrelated to the purpose of a bill of particulars. The Government further argues that the indictment contains more than sufficient detail for these Defendants to prepare their defenses, as

---

[3] Defendant Gullett seeks the information sought herein but as it relates to Counts 1, 13, 17, 22, 23, and 28 of the Third Superseding Indictment. (ECF No. 642 at 1)

3

they are only requesting the Government's evidence and legal research prior to trial. The Government has provided above and beyond the requirements of discovery to Defendants, including transcripts of witness testimony before the grand jury and expert witness reports – the Government has disclosed the evidence as it relates to each specific count in the indictment.

**Pertinent Law**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, this Court may direct the Government to file a bill of particulars. Whether a motion for bill of particulars should be granted or denied is a matter within the sound discretion of the trial court. United States v. Schembari, 484 F.2d 931, 934 (4th Cir. 1973). "A bill of particulars identifies for the defendant the area within which the government's chief evidence will fall . . . its purpose 'is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial . . . not . . . to provide detailed disclosure of the government's evidence in advance of trial." United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996), quoting United States v. Automated Medical Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted)); see also Schembari, 484 F.2d at 934-935. A bill of particulars "amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." Id., citing United States v. Howard, 590 F.2d 564, 567 (4th Cir. 1979), cert. denied, 440 U.S. 976 (1979).

**Discussion**

As noted by the undersigned following the hearing concerning the initial motions for bills of particulars, the undisputed fact remains that the Government has disclosed voluminous discovery in this case. Once again, these Motions seek additional discovery, and do not bear the hallmarks for the potential of unfair surprise at trial or lack of adequate information from which Defendants can prepare for trial. Indeed, Defendants do not claim any legitimate reason for their

requests for bills of particulars – there is no assertion that they have been deprived of sufficient facts to apprise them of the charges against them, or what the Government has since disclosed during discovery, or failed to disclose, has handicapped their own investigations of the alleged transactions for which they are charged. It is well known that a defendant is not entitled "to an unnecessary bill of particulars, where the underlying objectives of a [Rule 7] motion are fully satisfied by informal and formal discovery." United States v. Taylor, 2005 WL 2298170, at *4 (E.D.Va. Sept. 21, 2005), citing United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979); see also, United States v. Soc'y of Indep. Gasoline Marketers of Am., 624 F.2d 461, 466 (4th Cir. 1980) (finding denial of bill of particulars not improper in light of discovery provided by the government).

In accordance with this Circuit's jurisprudence, the undersigned **FINDS** no reasonable basis in law or fact has been presented to justify the issuance of an order directing the Government to file a bill of particulars, accordingly, the ***Second Motion(s)*** (ECF Nos. 625, 642) filed by these Defendants are hereby **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on the non-dispositive motions may be contested by filing, within 14 days, objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to the Defendants, counsel for Defendants, and to the Assistant United States Attorney.

**ENTER: November 6, 2019**.

_____
Omar J. Aboulhosn
United States Magistrate Judge